IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SISNEROS,

    Plaintiff,

v.                                                                                                   Civ. No. 16-979 SCY

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

    Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO REVERSE OR REMAND**

**THIS MATTER** is before the Court on Plaintiff James Sisneros's Motion to Remand to Agency. Doc. 22. For the reasons discussed below, the Court will DENY Plaintiff's Motion.

**I.    Background**

Plaintiff filed applications for disability insurance benefits and supplemental security income in October 2010. AR 203. Plaintiff alleged a disability onset date of August 25, 2010 due to lower back pain, memory loss, depression, and anxiety. AR 203-12, 235. Plaintiff's claims were initially denied in October 2012. AR 26-44. Plaintiff appealed this denial to the United States District Court for the District of New Mexico. AR 695-700. While the case was pending before the district court, the Social Security Administration moved for a voluntarily remand of the claims. AR 695-700.

On remand, the Appeals Council directed the ALJ to evaluate the medical source opinions and provide an adequate rationale, further evaluate Plaintiff's mental impairments, evaluate Plaintiff's maximum residual functional capacity, and obtain supplemental evidence from a vocational expert, if necessary. AR 620. On March 18, 2016, the ALJ held a supplemental hearing. AR 620. The ALJ ultimately found that jobs existed in significant

1

numbers in the national economy that Plaintiff could perform and accordingly concluded that Plaintiff is not disabled. Plaintiff now appeals this determination. Because the parties are familiar with Plaintiff's medical history, the Court reserves discussion of the medical records relevant to this appeal for its analysis.

## II. Applicable Law

### A. Disability Determination Process

A claimant is considered disabled for purposes of Social Security disability insurance benefits if that individual is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Commissioner has adopted a five-step sequential analysis to determine whether a person satisfies these statutory criteria. *See* 20 C.F.R. § 404.1520. The steps of the analysis are as follows:

(1) Claimant must establish that she is not currently engaged in "substantial gainful activity." If claimant is so engaged, she is not disabled and the analysis stops.

(2) Claimant must establish that she has "a severe medically determinable physical or mental impairment . . . or combination of impairments" that has lasted for at least one year. If claimant is not so impaired, she is not disabled and the analysis stops.

(3) If claimant can establish that her impairment(s) are equivalent to a listed impairment that has already been determined to preclude substantial gainful activity, claimant is presumed disabled and the analysis stops.

(4) If, however, claimant's impairment(s) are not equivalent to a listed impairment, claimant must establish that the impairment(s) prevent her from doing her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. § 404.1545(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* § 404.1545(a)(3). Second, the ALJ determines the physical and mental demands of claimant's past work. Third, the ALJ determines whether, given claimant's RFC, claimant is capable of meeting those demands. A

- claimant who is capable of returning to past relevant work is not disabled and the analysis stops.

(5) At this point, the burden shifts to the Commissioner to show that claimant is able to "make an adjustment to other work." If the Commissioner is unable to make that showing, claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 1520(a)(4); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

### B. Standard of Review

A court must affirm the denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 800-01 (10th Cir. 1991). In making these determinations, the reviewing court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). For example, a court's disagreement with a decision is immaterial to the substantial evidence analysis. A decision is supported by substantial evidence as long as it is supported by "relevant evidence . . . a reasonable mind might accept as adequate to support [the] conclusion." *Casias*, 933 F.3d at 800. While this requires more than a mere scintilla of evidence, *Casias*, 933 F.3d at 800, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

Furthermore, even if a court agrees with a decision to deny benefits, if the ALJ's reasons for the decision are improper or are not articulated with sufficient particularity to allow for judicial review, the court cannot affirm the decision as legally correct. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). As a baseline, the ALJ must support his or her findings with

specific weighing of the evidence and "the record must demonstrate that the ALJ considered all of the evidence." *Id.* at 1009-10. This does not mean that an ALJ must discuss every piece of evidence in the record. But, it does require that the ALJ identify the evidence supporting the decision and discuss any probative and contradictory evidence that the ALJ is rejecting. *Id.* at 1010.

### III. Analysis

Plaintiff raises three issues for review. First, Plaintiff contends that the ALJ improperly rejected the medical opinion of examining consultant Dr. Robert Krueger without adequate explanation. Second, Plaintiff argues that the ALJ failed to incorporate portions of the medical opinions of State agency non-examining consultant Dr. Donald Gucker into Plaintiff's RFC. Finally, Plaintiff contends that the ALJ failed to provide specifically legitimate reasons for rejecting other source opinions of nurse practitioner Liana Martinez. The Court finds each of Plaintiff's arguments unavailing.

### A. Dr. Krueger

Plaintiff contends that the ALJ improperly rejected the medical opinion of Dr. Krueger by failing to provide an adequate explanation for according his opinion little weight. Doc. 22 at 13. In support of this argument, Plaintiff highlights the final sentence of the ALJ's assessment of Dr. Krueger's opinion which stated, "[T]he undersigned has given little weight to the opinion of Dr. Krueger since his IQ testing is not supported by the record and his own examination of the claimant." AR 632. Plaintiff argues that this finding is vague and conclusory because the ALJ did not specify what evidence from the record is inconsistent with Dr. Krueger's opinion.

As an initial matter, the Court notes that Plaintiff's argument was apparently copied and pasted from a brief in a separate case as, apart from the insertion of Dr. Krueger's findings,

4

Plaintiff contends that the ALJ's error was harmful to a "Ms. Baker." The Court further notes that it is Plaintiff's argument, not the ALJ's decision, which is vague and conclusory. Specifically, Plaintiff quotes the ALJ's concluding sentencing without addressomg the ALJ's preceding analysis regarding conflicts in Dr. Krueger's opinion that the ALJ used to support his decision to give Dr. Kruegar's opinion little weight. *See* AR 632. For instance, in regard to Plaintiff's IQ score, the ALJ noted that Dr. Krueger's suggestion in his report that the IQ might not be valid and that Plaintiff's other poor results in testing may have been due to his anxiety and stress level. AR 632. Plaintiff does not challenge any of these findings or any other of the ALJ's findings supporting his decision to accord Dr. Krueger's opinions little weight. Further, Plaintiff's argument is that the ALJ failed to apply the correct legal standards, not whether substantial evidence supported the finding, so the Court will not conduct a further substantial evidence review of the ALJ's assessment of Dr. Krueger's opinion. Suffice it to say that the ALJ provided a more than adequate explanation for according Dr. Krueger's opinion little weight and the Court rejects Plaintiff's argument on this point.

### B. Dr. Gucker

Plaintiff contends that the ALJ failed to adequately account for the moderate limitations identified by non-examining consultative psychologist Dr. Donald Gucker. Dr. Gucker found that Plaintiff had moderate limitations in his abilities to (1) understand and remember detailed instructions; (2) carry out detailed instructions; (3) maintain attention and concentration for extended periods; (4) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (5) ask simple questions or request assistance; (6) accept instructions and respond appropriately to criticism from supervisors; (7) get along with

coworkers or peers without distracting them or exhibiting behavioral extremes; (8) maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; and (9) respond appropriately to changes in the work setting. AR 517-19. In the narrative portion of his report, Dr. Gucker opined that Plaintiff "may have some degree of cognitive impairment, however from a function point of view he has shown that he is capable of maintaining work for extended periods of time" as evidenced by his ability to earn his commercial driver's license and GED. AR 520. Dr. Gucker further opined that Plaintiff "can understand, remember, and carry out simple instructions, make simple decision, attend and concentrate for two hours at a time, interact adequately with co-workers and supervisors, and respond appropriately to changes in a routine work setting. The claimant appears capable of [un]skilled work." AR 520.

The ALJ accorded "great weight" to Dr. Gucker's findings. The ALJ stated that he provided for Dr. Gucker's opinions in the RFC by concluding that Plaintiff is "limited to understanding, remembering, and carrying out simple (one-two-three step) procedures, that are routine and repetitive, without frequent changes in duties; is able to concentrate for two hours at a time; and requires no reading for meaning." AR 634. Plaintiff contends that despite giving Dr. Gucker's opinion "great weight," the ALJ's RFC failed to account for all of the non-exertional limitations found by Dr. Gucker. Specifically, Plaintiff emphasizes that the RFC does not address Dr. Gucker's findings regarding Plaintiff's limitations in getting along with coworkers, peers, or supervisors, or maintaining socially appropriate behavior. Doc. 22 at 17. Accordingly, Plaintiff contends that the ALJ "picked and chose" from among Dr. Gucker's opinion only those limitations which supported a finding of non-disability.

Generally, an RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR

6

96-8P. "In determining RFC, an ALJ must consider the limiting effects of all [the claimant's] impairments, even those that are not severe." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (internal quotation marks and citation omitted). "The Tenth Circuit has made clear that the existence of a moderate impairment is not the same as no impairment at all, and that moderate impairments must be addressed by the ALJ in connection with the RFC." *Baysinger v. Astrue*, No. 11-333, 2012 WL 1044746, * 5 (D. Colo. March 28, 2012) (unpublished) (citing *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). "[A]n ALJ is not entitled to pick and choose…taking only the parts that are favorable to a finding of nondisability," without explaining his reasoning. *Haga*, 482 F.3d at 1208.

Upon review of the ALJ's decision in relation to Dr. Gucker's opinion, the Court concludes that the ALJ adequately accounted for the moderate limitations noted by Dr. Gucker in relation to Plaintiff's moderate limitations in social interaction. In the narrative portion of the MRFC form, Dr. Gucker opined that Plaintiff can "interact adequately with co-workers and supervisors." AR 519. Although succinct, this evidences Dr. Gucker's opinion regarding the extent of Plaintiff's moderate limitations in social interaction. In discussing Dr. Gucker's opinions in the decision, the ALJ noted this portion of Dr. Gucker's opinion and accordingly did not include limitations in the RFC regarding Plaintiff's ability to interact with co-workers and supervisors. The ALJ therefore accounted for the absence of limitations in the RFC regarding social interaction and his rejection was consistent with Dr. Gucker's opinion. Further, the ALJ accounted for the moderate limitations Dr. Gucker found regarding (1) understanding, remembering, and carrying out *detailed* instructions and (2) maintaining attention and concentration for extended periods by limiting Plaintiff's RFC to "understanding, remembering, and carrying out *simple* (one-two-three step) procedures, that are routine and repetitive, without

7

frequent changes in duties; is *able to concentrate for two hours at a time*, take a short break and then go back for another two hours . . ..." AR 625 (emphasis added).  Thus, the Court finds no error on this point.

### C. Nurse Practitioner Martinez

Plaintiff contends that the ALJ failed to provide adequate reasons for giving little weight to the opinion of Nurse Practitioner Liana Martinez. Doc. 22 at 17.  As a nurse practitioner, NP Martinez is not recognized as an "acceptable medical source," 20 C.F.R. § 416.913, but still "may provide evidence to show the severity of a claimant's impairment(s) and how it affects a claimant's ability to work." *Frantz v. Astrue*, 509 F.3d 1299, 1301 (10th Cir. 2007) (internal quotation marks and alteration omitted).  In evaluating this evidence, the ALJ must "explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence…allows a claimant or subsequent reviewer to follow the adjudicator's reasoning[.]" *Id.* (citing SSR 06-03p).

Plaintiff argues that the ALJ failed to adequately explain his reasoning in according NP Martinez's opinion little weight.  Similar to Plaintiff's argument in regard to Dr. Krueger, Plaintiff argues that the ALJ found that NP Martinez's opinion was not supported by the evidence or her own treatment notes but failed to specify which portions were inconsistent. Doc. 22 at 19.  Also like Plaintiff's argument in regard to Dr. Krueger, the snapshot of the ALJ's decision Plaintiff provides disregards the ALJ's findings that contradict his argument.  For instance, the ALJ highlighted that NP Martinez found that Plaintiff had a slight severity in social interaction but "contradicted herself by indicating that he would have marked limitations in maintaining social functioning."  AR 632. Further, the ALJ highlighted that NP Martinez reported that Plaintiff "had repeated episodes of decompensation" despite no evidence that

Plaintiff had ever been hospitalized for his mental impairments. AR 632. The ALJ also pointed out that NP Martinez is not a mental healthcare provider. AR 633. Plaintiff makes no mention of these findings, much less attempts to challenge them. The Court accordingly rejects this argument.

**Conclusion**

For the foregoing reason, the Court DENIES Plaintiff's Motion to Remand to Agency (Doc. 22) and AFFIRMS the ALJ's decision.

_____
UNITED STATES MAGISTRATE JUDGE
Sitting by Consent